UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lawrence L White, II,** | ) | **CASE NO.1:14 CV 1316** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Phil R. Stammitti, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon defendants' Motion for Partial Judgment on the Pleadings (Doc. 18).  This case alleges excessive force while plaintiff was a pretrial detainee. For the following reasons, the motion is DENIED.

### Facts

Plaintiff Lawrence L. White, II filed his First Amended Complaint pursuant to 42 U.S.C.§ 1983 against defendants Sheriff Phil Stammitti in his official capacity, Captain Jack Hammond in his official capacity, and Corrections Officer Benedicto Rivera.  He alleges the following.

Plaintiff was remanded to the Lorain County Jail on May 15, 2012 as a pretrial

1

detainee. On June 18, 2012, plaintiff was placed in a restraint chair to prevent him from harming himself. The chair was located in a cell distinct from other places in the jail and generally unobservable unless jail staff made a specific effort to look into the room. There was a video camera in the adjacent corridor which provided surveillance of a portion of the room. While he was in the chair, plaintiff was under the supervision and control of Rivera. Rivera used excessive and unnecessary force in binding plaintiff so tightly into the chair so as to cause plaintiff needless discomfort and persistent pain.  At one point, plaintiff was released from the chair to use the toilet and upon his return, Rivera struck plaintiff in the face and injured his wrist by forcing it against the cell wall.

The First Amended Complaint sets forth two claims.  Count One asserts excessive force in violation of the Fourteenth Amendment against Rivera.  Count Two asserts that Stammitti and Hammond have engaged in a pattern and practice of tolerating the use of excessive force against inmates and pretrial detainees in the Lorain County Jail.

This matter is now before the Court upon  defendants' Motion for Partial Judgment on the Pleadings.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)):

> The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. The factual allegations must raise a right to relief above the speculative level. In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face.

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Bare allegations without a factual context do not create a plausible claim. A complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. The bare assertion of legal conclusions is not enough to constitute a claim for relief.

(*Id.*) (internal citations and quotations omitted).

### **Discussion**

Defendants Stammitti and Hammond initially argue that the Amended Complaint fails to state a claim against them in their individual capacity because they had no direct involvement. The Amended Complaint, however, only states that these defendants are sued in their official capacity.

Defendants Stammitti and Hammond next argue that the official capacity claims fail because they are barred by the two year statute of limitations. Defendants assert that plaintiff's original Complaint only named them in their individual capacities and, therefore, an attempt to add the County at this point is untimely.

For § 1983 actions brought in Ohio, a two-year statute of limitations applies. *Rodriguez v. City of Cleveland,* 439 Fed.Appx. 433 (6th Cir. 2011). A claim against these defendants in their official capacity is actually a claim against Lorain County. *Faith Baptist Church v. Waterford Tp.*, 522 Fed.Appx. 322 (6th Cir. 2013) (citations omitted) ("Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent.")

According to plaintiff, his injury occurred on June 18, 2012. Plaintiff's original Complaint was filed on June 18, 2014. Plaintiff named as defendants, among others, Stammitti and Hammond. He did not specify whether they were named in their official or

individual capacities.  These defendants moved for judgment on the pleadings arguing that as they had no personal involvement, they cannot be held liable in their individual capacities. Plaintiff did not respond to the motion but filed his Amended Complaint on September 22, 2014, specifically alleging that Stammitti and Hammond are sued in their official capacities. An official capacity claim is a claim against the entity for which the individual is an agent. Therefore, the County is the true named defendant.

> Fed.R.Civ.P. 15(c) states:
>
> **(1) When an Amendment Relates Back**. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendants argue that plaintiff is attempting to improperly add the County after the statute of limitations has run and the requirements of Rule 15(c) have not been met because plaintiff is not attempting to correct a mistake in the identity of the officers.  Defendants point to *Lovelace v. O'Hara,* 985 F.2d 847 (6th Cir. 1993), wherein the court held that the complaint could not be amended to add the officer in his individual capacity because the original

4

complaint did not give notice that he was being sued in that capacity where it alleged that he acted "not as an individual, but clearly within the expressed and implied powers of his official capacity." *Id.*

Defendants argue that plaintiff's course of action in amending the Complaint to add an official capacity claim in response to the first Motion for Judgment on the Pleadings shows that plaintiff acknowledged his deficiency in not including an official capacity claim. The Court finds, however, that, although not artfully plead, the County had notice that the claim was asserted against it. The original Complaint alleges that defendants "have engaged in a pattern or practice of tolerating the use of excessive force against inmates and pretrial detainees in the Lorain County Jail, and a further pattern or practice of ratifying such acts through inadequate investigation, oversight, training and discipline of the officers involved..." And, defendants "have engaged in a pattern, practice, custom and usage of manifesting a deliberate indifference to the rights of inmates..." (Compl. ¶¶ 26, 27) This language indicates an intention to hold the County liable on a theory of custom or usage.

### Conclusion

For these reasons, defendants' Motion for Partial Judgment on the Pleadings is denied.

IT IS SO ORDERED.

                                                   /s/ Patricia A. Gaughan
                                                PATRICIA A. GAUGHAN
Dated: 12/10/14                     United States District Judge